J-S40042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAFEES ALSTON | : | |
| | : | |
| Appellant | : | No. 125 EDA 2022 |

Appeal from the PCRA Order Entered November 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001487-2013

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                              **FILED MAY 9, 2023**

Appellant, Hafees Alston, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition under the Post-Conviction Relief Act ("PCRA")[1] as untimely. We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case. (*See* PCRA Court Opinion, filed March 22, 2022, at 1-5). Briefly, we note that Appellant pled guilty to third degree murder and related offenses on March 4, 2014, and the court sentenced him in accordance with the negotiated plea agreement to an aggregate sentence of 25 to 60 years of imprisonment. This Court affirmed his judgment of sentence on December 22, 2017, and Appellant did not file a

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

petition for allowance of appeal with our Supreme Court. Appellant filed a first PCRA petition on March 30, 2018, which the court dismissed as meritless on May 24, 2019.

Appellant subsequently filed a succession of pleadings including a petition for removal from prison due to a leg injury and risk of death from COVID-19, filed on June 16, 2021; a PCRA petition, writ of *habeas corpus* and motion for compassionate release, filed on June 17, 2021; and a motion for clarification seeking to renegotiate his plea bargain, filed on November 2, 2021. The court treated the majority of Appellant's claims as falling under the confines of the PCRA and issued notice of its intent to dismiss per Pa.R.Crim.P. 907 on November 22, 2021. In the Rule 907 notice, the court further stated that regarding Appellant's request for compassionate release, Appellant was not entitled to that relief because he had proffered no evidence to qualify him for compassionate release.

On November 23, 2021, Appellant responded to the Rule 907 notice by filing a "motion in letter," claiming that his sentence should be shorter because the conditions of his confinement were harsher than when he was sentenced. The court treated the motion as another request for compassionate release and denied the motion on November 30, 2021. On January 21, 2022, the PCRA court dismissed Appellant's outstanding petitions. This timely appeal

followed.[2]  The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement, and Appellant complied on February 8, 2022.

Appellant raises the following issues for our review:

1) Did the Court err because [Appellant's] claim falls inside the ambit [of] *Habeas Corpus*, and the Common Law rights still exist and may be used, the [PCRA] Court erred for addressing the claims solely under the umbrella of P.C.R.A.?

2) Did the [PCRA] Court err for not ordering a hearing where the petition raises material issue of fact?

(Appellant's Brief at 2).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's claims merit no relief.  The PCRA court opinion comprehensively discusses and properly disposes of the claims raised. (**See** PCRA Court Opinion at 5-11) (concluding that Appellant's claims related to unlawful guilty plea and illegal sentence are cognizable under PCRA, and therefore had to comply with PCRA timeliness requirement; Appellant's

_____

[2] Appellant initially filed his notice of appeal on December 16, 2021, listing the court's November 30, 2021 order as the order under appeal.  Nevertheless, Appellant's notice of appeal referenced both the dismissal of his "motion in letter," and the court's issuance of Rule 907 notice related to the earlier filings. Thus, the PCRA court considered Appellant's appeal to be perfected on January 21, 2022, following its order dismissing the three earlier filings.  We agree with the PCRA court that Appellant's notice of appeal relates forward to January 21, 2022.  **See** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

attempt to invoke newly-discovered facts exception fails because COVID-19 pandemic did not constitute "new fact" that would have any bearing on Appellant's guilty plea; thus, Appellant's PCRA claims are time-barred and court properly dismissed them without holding hearing; further, with respect to Appellant's claims for compassionate release, Appellant has not alleged he has any terminal illness; therefore, he does not meet criteria required for compassionate release).   Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF : CP-51-CR-0001487-2013
PENNSYLVANIA :
:
: FILED
v. :
: MAR 2 2 2022
HAFEES ALSTON :
Appeals/Post Trial
Office of Judicial Records
OPINION

BRONSON, J.                                                 March 22, 2022

On March 4, 2014, defendant Hafees Alston pled guilty, pursuant to a negotiated plea agreement, to one count each of murder of the third degree (18 Pa.C.S. § 2502(c)), conspiracy to commit murder of the third degree (18 Pa.C.S. §§ 903, 2502(c)), carrying a firearm without a license (18 Pa.C.S. § 6106), and possession of an instrument of crime ("PIC") (18 Pa.C.S. § 907(a)).  On that day, the Court imposed consecutive terms of 15 to 40 years incarceration for murder of the third degree, 5 to 10 years incarceration for conspiracy to commit murder, 2 ½ to 5 years incarceration for carrying a firearm without a license, and 2 ½ to 5 years incarceration for PIC, for an aggregate sentence of 25 to 60 years incarceration.  Defendant's plea counsel was Adam Rodgers, Esquire.  Defendant did not file post-sentence motions.

On May 15, 2014, defendant filed his first *pro se* petition under the Post-Conviction Relief Act ("PCRA"), seeking reinstatement of his appellate rights.  Earl Kauffman, Esquire, was appointed to represent defendant.  The Court granted defendant's PCRA petition on October 24, 2016.

On appeal, Mr. Kauffman filed a petition to withdraw with the Superior Court, along with a brief stating that the appeal was frivolous pursuant to *Anders v. California*, 386 U.S. 738

1

(1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). On December 22, 2017, the Superior Court affirmed the judgment of sentence and granted counsel's petition to withdraw, agreeing that the appeal was wholly frivolous. Superior Court Opinion, filed 12/22/2017, at p. 8.

On March 30, 2018, defendant filed a second *pro se* PCRA petition. James Lammendola, Esquire, was appointed to represent defendant on July 27, 2018.[1] On November 1, 2018, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. Lammendola filed a motion to withdraw as counsel and a letter stating that there was no merit to defendant's claims for collateral relief ("*Finley* letter"). Unfortunately, Mr. Lammendola passed away in February of 2019. Stephen O'Hanlon, Esquire, was appointed to represent defendant on March 5, 2019. On March 18, 2019, Mr. O'Hanlon filed a motion to withdraw as counsel and a *Finley* letter. The Court dismissed defendant's PCRA petition on March 24, 2019, and granted Mr. O'Hanlon's motion to withdraw. Defendant *pro se* appealed the dismissal of his second PCRA petition to the Superior Court of Pennsylvania on June 29, 2019. On October 20, 2020, the Superior Court dismissed the appeal for failure to file a brief.

Thereafter, defendant filed a succession of pleadings with the trial court that are related to the instant appeal. On June 16, 2021, he filed a "Petition for Modification of Sentence or Removal from Prison for Purpose of Treatment Because of Illness," in which he sought release from prison due to a leg injury and "risk of death due to Covid-19." The next day, on June 17, 2021, he filed a document entitled, "My Meritorious P.C.R.A. / State Writ of Habeas Corpus and Motion for Compassionate Release" (hereafter, "PCRA/Habeas/Compassionate Release petition"), claiming that his guilty plea was unlawfully induced due to the spread of Covid-19,

---

[1] Where, as here, defendant's direct appeal rights were reinstated *nunc pro tunc* in his first PCRA petition, his second petition is considered to be a first petition for the purpose of entitlement to appointed counsel. *See Commonwealth v. Figueroa*, 29 A.3d 1177, 1181 (Pa. Super. 2011).

2

that his sentence exceeded the lawful maximum, and that he was entitled to compassionate release. The Commonwealth responded with a letter brief dated October 15, 2021, contending that defendant's claims under the PCRA were time-barred, and that any claims not covered by the PCRA were meritless. On November 2, 2021, defendant filed a "Motion for Clarification," in which he reiterated his claims and sought to "re-negotiate his plea bargain in the interest of justice."

On November 22, 2021, after considering all of the above pleadings, the Court issued a notice to defendant apprising him of the Court's intention to dismiss all of his claims without a hearing. Although the notice was issued pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, which pertains only to claims under the PCRA, the Court's notice (hereafter, "907 Notice") explicitly addressed all of defendant's issues. In particular, the 907 Notice advised defendant that his claims pursuant to the PCRA were time-barred, and, in any event, meritless. 907 Notice at ¶¶ 1-2. The 907 Notice also advised defendant that to the extent that he was seeking compassionate release, such relief was not available since he had proffered no evidence that would qualify him for such release. 907 Notice at ¶ 3. Finally, the 907 Notice apprised defendant that habeas corpus relief was not an available remedy for his claims. 907 Notice at ¶ 4.

On November 23, 2021, defendant responded to the 907 Notice by filing a "Motion in Letter," in which he claimed that because the conditions of his confinement were harsher than when he was sentenced, his sentence should be shorter. The Court denied this motion by order dated November 30, 2021, on the ground that defendant was apparently seeking compassionate release without qualifying for such relief. At that time the Court did not, however, rule on the pending PCRA/Habeas/Compassionate Release Motion. Nevertheless, on December 9, 2021,

3

defendant filed a "Motion to Vacate Dismissal Order/ Notice," mistakenly believing that his PCRA claims had been dismissed. Moreover, on December 16, 2021, defendant filed a notice of appeal to the Superior Court from the trial court's "November 30[,] 2021 Dismissal of his PCRA [sic]...," attaching the trial court order denying defendant's "Motion in Letter."[2] The trial court dismissed defendant's PCRA /Habeas /Compassionate Release petition on January 21, 2022, deeming defendant's appeal to then be perfected. *See Commonwealth v. Swartzfager,* 59 A.3d 616, 618 n. 3 (Pa. Super. 2012) (where defendant prematurely appeals from a 907 notice regarding a pending PCRA petition, the appeal is perfected after the trial court enters its final order dismissing the petition and need not be quashed).

On February 8, 2022, in compliance with this Court's order, defendant filed a "Concise Statements [sic] of Errors Complained of on Appeal 1925(b)" (hereafter, "Statement of Errors") raising the following two claims:

> 1. Because petitioner['s] claims fall inside the ambit of Habeas Corpus, and the common law rights still exist and may be used[,] the trail [sic] court erred for addressing the claims solely under the umbrella of P.C.R.A.
>
> 2. The trail [sic] court erred for not ordering a hearing where the petition raises material issue of fact[.]

Statement of Errors at ¶¶ 1-2. For the reasons set forth below, defendant's claims are untimely or without merit, and the PCRA Court's order dismissing his petition should be affirmed.

## I. FACTUAL BACKGROUND

The factual background underlying defendant's convictions was set forth in this Court's opinion of September 18, 2019, regarding defendant's second PCRA petition, as follows:

---

[2] Since defendant's notice of appeal references both the dismissal of defendant's "PCRA" and the November 30, 2021 order denying defendant's "Motion in Letter," the Court construes the instant appeal to be from the November 30, 2021 order, and the Court's subsequent order dismissing his PCRA /Habeas /Compassionate Release petition.

4

At approximately 1:22 a.m., on August 17, 2012, the decedent, Idris Bilal was sitting on the front step of 1534 North 29th Street in Philadelphia, along with Shafi Mathis and Mathis' brother Raheem. N.T. 3/4/2014 at 57. Defendant approached the men, pulled out his gun, and shot at Bilal 13 times, hitting him 7 times. N.T. 3/4/2014 at 58-59. Defendant then got into the passenger seat of a vehicle and fled. N.T. 3/4/2014 at 60. The cause of death was multiple gunshot wounds. N.T. 3/4/2014 at 58.

In addition to Shafi Mathis and his brother Raheem, a man named Eric Gibson, who was across the street in his home at the time, witnessed the shooting. N.T. 3/4/2014 at 58-59. Defendant also made several incriminating recorded phone calls while in prison. N.T. 3/4/2014 at 59.

Trial Court Opinion, filed September 18, 2019 at p. 3.

## II. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Green*, 14 A.3d 114, 116 (Pa. Super. 2011) (internal quotations omitted). The reviewing court "will not disturb findings that are supported by the record." *Id.*

Defendant claims that "[b]ecause petitioner['s] claims fall inside the ambit of Habeas Corpus, and the common law rights still exist and may be used[,] the trail [sic] court erred for addressing the claims solely under the umbrella of P.C.R.A." Statement of Errors at ¶ 1. Defendant also claims that "[t]he trail [sic] court erred for not ordering a hearing where the petition raises material issue of fact[.]" Statement of Errors at ¶ 2.

The Post-Conviction Relief Act ("PCRA") provides that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies... including habeas corpus." 42 Pa.C.S. § 9542. As a result, habeas corpus is not available as a remedy for any claim that is cognizable under the PCRA. *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998). Therefore, a petition for habeas corpus raising claims that are cognizable

under the PCRA should be deemed to be a PCRA petition and is subject to the PCRA timeliness requirements. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." *Id.*

From defendant's PCRA /Habeas /Compassionate Release petition, the Court gleans only two claims for relief. Each of these claims is discussed below.

First, defendant contends that due to the spread of Covid-19, defendant's place and conditions of confinement have changed. According to defendant, his guilty plea was unlawfully induced because these changes resulted in the Commonwealth failing to comply with the terms of the plea agreement. PCRA /Habeas /Compassionate Release petition at ¶ 5(A). This claim is explicitly covered by the terms of the PCRA, which provides for relief when the conviction or sentence resulted from "[a] plea of guilty unlawfully induced...." 42 Pa.C.S. § 9543(a)(2)(iii); *see Commonwealth v. Anderson*, 995 A.2d 1184, 1190 (Pa. Super. 2010) (noting defendant's claim that the Commonwealth's breach of his plea agreement rendered his plea involuntary is cognizable under the PCRA); *Commonwealth v. Kroh*, 654 A.2d 1168, 1171 n.1 (Pa. Super. 1995) (explaining claim that defendant's guilty plea was unlawfully induced where Commonwealth breached plea agreement is cognizable under PCRA).

Second, defendant claims that "his sentence exceeds the lawful maximum" and is now "harsher and the level of punishment has increased to levels not imposed" by the Court. Third PCRA Petition at ¶¶ 5(B-C). This claim is also explicitly covered by the PCRA, which provides for relief where there has been "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii); *see Commonwealth v. Fowler*, 930 A.2d 586, 591-92 (Pa. Super. 2007) (challenges to the legality of a sentence are cognizable under the PCRA).

Accordingly, all of the claims in defendant's petition are not only cognizable under the PCRA, but were drafted by defendant to track the exact language of grounds for relief in the PCRA. Therefore, defendant's claim on appeal that the Court erred in addressing these claims under the PCRA is meritless. Moreover, because these claims were covered by the PCRA, defendant may not properly raise them under habeas corpus and they are covered by the PCRA's timeliness requirements. *Taylor*, 65 A.3d at 465.

As stated above, defendant also argues on appeal that he was entitled to a hearing on his claims since his petition raised material issues of fact. However, the record establishes that because defendant's claims were untimely filed, he was not entitled to an evidentiary hearing.

Under the PCRA, all petitions, "including a second or subsequent petition," must be filed within one year of the date that judgment on the case became final. 42 Pa.C.S. § 9545(b); *see Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). This time limit is jurisdictional, and a court may only review an untimely petition if one of the three statutory exceptions to the timeliness requirement applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Furthermore, the statutory exceptions are themselves subject to a timeliness requirement, and must be invoked "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Howard*, 249 A.3d 1229, 1233 (Pa. Super. 2021).

Defendant's judgment of sentence became final on January 22, 2018, 30 days after the Superior Court affirmed defendant's judgment of sentence. Therefore, defendant had until January 22, 2019, to timely file a PCRA petition. As defendant did not file the instant petition until June 17, 2021, his petition is facially untimely. Therefore, in order for this Court to have jurisdiction to review the merits of defendant's claims, defendant must plead and prove that one

7

of the three statutory exceptions to the timeliness requirement applies to his case, and he must have filed his petition within one year of when the claim could have been presented. 42 Pa.C.S. § 9545(b)(1) & (b)(2). Those three exceptions are: 1) where "the failure to raise the claim previously was the result of interference of government officials…;" 2) where "the facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by the exercise of due diligence;" and 3) where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in [the PCRA] and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1). The burden is on the defendant to allege and prove that one of the timeliness exceptions applies. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). If the petition is not timely filed, and none of the three exceptions applies, the Court is without jurisdiction to address the merits of the petition. *See Bennett*, 930 A.2d at 1267.

Here, defendant apparently attempted to invoke the newly-discovered facts exception to the time limitations of the PCRA. Third PCRA Petition at ¶ 5(A). To qualify for the newly-discovered facts exception to the time limitations of the PCRA, a petitioner must establish that "the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Due diligence demands that a petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have obtained the new facts earlier through the use of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). This rule is strictly enforced. *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa. Super. 2000).

8

Here, defendant claimed in his petition that "covid-19 constitutes a newly discovered fact."[3] However, in order to qualify for the newly-discovered facts time-bar exception, defendant needs to proffer something that would constitute admissible evidence. *Commonwealth v. Brown,* 141 A.3d 491, 501 (Pa. Super. 2016) (affidavit setting forth inadmissible hearsay does not fall within the newly-discovered fact exception. As our Superior Court has stated, "[t]he proposed new evidence must be 'producible and admissible.'" *Griffin,* 137 A.3d 605, 608 (Pa. Super. 2016), *quoting Commonwealth v. Chamberlain,* 30 A.3d 381, 414 (2011).

The COVID-19 pandemic is not evidence and its existence had no bearing on defendant's guilty plea. As this was the only exception defendant pled, defendant's claims are time-barred and therefore were properly dismissed without an evidentiary hearing.

It is true that defendant's PCRA /Habeas /Compassionate Release petition includes in its caption the term "compassionate release," and that defendant included as "Relief Requested" a "transfer to home-confinement for medical purposes." It is also true that both defendant's "Motion in Letter" and PCRA /Habeas /Compassionate Release petition appear to seek release from prison due to medical issues and therefore appear to seek relief from prison for compassionate release. Compassionate release is governed by section 9777 of the Pennsylvania Sentencing Code, which permits the sentencing court to order temporary release of an inmate to a medical facility or hospice care if the inmate is "terminally ill, not ambulatory and likely to die in the near future." 42 Pa.C.S.A. § 9777(a). However, defendant does not allege any terminal illness and he does not meet any of the criteria required by section 9777 for release.

---

[3] Defendant alleges that covid-19 is a "newly discovered fact" under section 9543(a)(2)(vi) of the PCRA, which provides for substantive relief under the PCRA when exculpatory evidence comes to light that did not exist at the time of trial. This section of the PCRA, regarding after discovered evidence, does not provide for an exception to the time bar. The Court assumes that defendant, proceeding *pro se,* meant to invoke the time bar exception in section 9545(b)(1)(ii) for newly discovered facts.

9

Accordingly, to the extent that defendant was seeking compassionate release, his claim was properly dismissed without a hearing.

## III. CONCLUSION

For the foregoing reasons, the Court's orders dismissing defendant's PCRA /Habeas /Compassionate Release petition and his Motion in Letter" should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

Commonwealth v. Hafees Alston          CP-51-CR-0001487-2013
Type of Order: Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel:**

Hafees Alston
LL-0305
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA  16239

Type of Service: ( ) Personal ( ) First Class Mail  (**X**)  Other, please specify: *Certified*

**Assistant District Attorney:**

Lawrence Goode, Esquire
Interim Supervisor, Appeals Unit
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107-3499

Type of Service          ( ) Personal () First Class Mail (**X**) Other, please specify: *Interoffice*

**Additional Party:**

Joseph D. Seletyn, Esquire
Office of the Prothonotary - Superior Court
530 Walnut Street - Suite 315
Philadelphia, PA 19106

Type of Service          ( ) Personal ( ) First Class Mail (**X**) Other, please specify: *Interoffice*

**Dated:  March 22, 2022**

_____
Jonathan P. Rava
Law Clerk to Hon. Glenn B. Bronson